

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID M. MCKINNEY,

     Petitioner,

v.                        Civil Action No. **3:07CV266**

TRACY RAY,

     Respondent.

### MEMORANDUM OPINION

David M. McKinney, a Virginia state inmate proceeding <u>pro</u> <u>se</u>, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ray has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I.   PROCEDURAL HISTORY

McKinney was convicted in the Circuit Court for the City of Virginia Beach ("Circuit Court") of eight counts of robbery, eight counts of attempted robbery, seven counts of use of a firearm in the commission of a felony, grand larceny, and conspiracy. On February 7, 2002, the Circuit Court entered final judgment on McKinney's convictions and sentences for those offenses. McKinney failed to appeal his convictions.

Thereafter, in October of 2006, McKinney filed a state petition for a writ of habeas corpus with the Circuit Court. On January 3, 2007, the Circuit Court dismissed the state petition for a writ of habeas corpus on the grounds that it was untimely under Virginia Code section 8.01-654(A)(2).[1]

McKinney filed an appeal regarding his state petition for a writ of habeas corpus to the Supreme Court of Virginia. On July 2, 2007, the Supreme Court of Virginia found no grounds for reversible error and denied McKinney's petition for appeal.

On April 19, 2007, McKinney executed his present federal petition for a writ of habeas corpus and apparently delivered the same to the prison officials for mailing.[2] For purposes of the present motion, the federal petition will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

---

[1] That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. §8.01-654(A)(2)(West 2007).

[2] McKinney's present federal petition for writ of habeas corpus was originally sent to the United States Court for the Western District of Virginia. On May 2, 2007, McKinney's case was transferred to the United States Court for the Eastern District of Virginia.

2

## II.   LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

McKinney's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides that:

> 1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2.   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

## III.   TIMELINESS OF MCKINNEY'S PETITION

McKinney's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on March 11, 2002, the last date to file a notice of appeal with the Circuit Court.  Va. Sup. Ct. R. 5A:6 (Michie 2002).  Hence, McKinney had one year from that date to file this federal petition for a writ of habeas corpus.  McKinney did not file the present federal petition for a writ of habeas corpus until more than five years later.  Thus, the present action is barred by the federal statute of limitations.

Mckinney suggests that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D) because he only recently discovered the facts that support his ineffective assistance of counsel claims.  These allegedly new facts pertain to advice McKinney received about the viability of an appeal, misinformation about an element of an offense to which McKinney pled guilty, and misadvice regarding the sentence he could receive upon pleading guilty.  Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance.  See Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). The factual circumstances of his lawyer's actions that undergird McKinney's claims were either known to McKinney or readily

4

available to McKinney in February of 2002.  Thus, McKinney has not demonstrated a proper basis for a belated commencement of the limitation period.  See Owens, 235 F.3d at 359; see also Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) (noting the commencement period for the habeas statute of limitation is not delayed "while a habeas petitioner gathers every possible scrap of evidence that might...support his claim").

Next, McKinney contends that the action is timely based upon principles of statutory and equitable tolling.  First, McKinney suggests that the limitation period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), while his petition for a writ of habeas corpus was pending before the Supreme Court of Virginia.  McKinney is wrong.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  The statutory tolling mechanism specified in § 2244(d)(2) is only available for "properly filed" applications for post-conviction relief.  28 U.S.C. § 2244(d)(2).  "Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."  Pace, 544 U.S. at 417 (quoting 28 U.S.C. § 2244(d)(2)).

Finally, McKinney contends that he otherwise is entitled to equitable tolling of the limitation period.  "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external

5

to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). McKinney fails to demonstrate that an extraordinary circumstance, beyond his control, prevented him from filing in a timely fashion. Neither McKinney's ignorance of the law, nor the fact that his attorney advised him that he could not pursue an appeal provide a basis for tolling the limitation period. See Sosa, 364 F.3d at 512 (citing cases).

Accordingly, the motion to dismiss (Docket No. 7) will be GRANTED. McKinney's petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

_____ /s/

Robert E. Payne
Senior United States District Judge

Date: March 10, 2008
Richmond, Virginia

6